# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE M. MANOLOVICH, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 08-cv-1746 |
| ) | |
| BETHEL PARK, CLIFFORD MORTIN, ) | |
| Mayor, BETHEL PARK POLICE ) | |
| DEPARTMENT, JOHN W. MACKEY, ) | |
| Chief of Police, and ERIC M. ANIBALDI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

May 21, 2009

  Presently before the Court is the MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e) AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6), with brief in support, filed by Defendants (Document Nos. 5-1, 5-2 and 6) and the RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff (Document Nos. 7 and 8).

### Background

  As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

  On December 23, 2008, Plaintiff commenced this civil rights lawsuit pursuant to 42 U.S.C. § 1983, in which he alleges that Defendants violated his Fourth Amendment constitutional rights on or about December 27, 2006, when they conducted an unreasonable search and seizure of his medical records and also violated his Fourteenth Amendment rights to

life, liberty, due process, and equal protection. Plaintiff has also brought state law claims for reckless misconduct, negligence and gross negligence.

It appears that only Defendant Eric M. Anibaldi has been sued in both his individual capacity and official capacity as a detective with the Bethel Park Police Department; the remaining Individual Defendants, Clifford Mortin and John W. Mackey, appear to have been sued only in their official capacities as Mayor of the Municipality of Bethel Park and Chief of Police of the Bethel Park Police Department, respectively.[1]

Defendants have filed the instant Motion for More Definite Statement Pursuant to Rule 12(e) and, in the alternative, Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6). Defendants contend that the Complaint lacks the factual specificity required under the United States Supreme Court's decision in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

The issues have been fully briefed and are ripe for disposition. After careful review of the filings, the Motion for More Definite Statement will be denied and the Motion to Dismiss will granted in part and denied in part.

---

[1] Paragraph 7 of the Complaint clearly reflects that Defendant Anibaldi has been sued in his official and individual capacity ("Defendant . . . was acting individually and as an agent for the Defendants Municipality, Mayor, Police Department and Chief of Police . . ."). The Complaint is not so definitive about the capacities in which Mayor Morton and/or Chief of Police Mackey have been sued. However, the Complaint contains no references that these Defendants were ever acting in an individual capacity. Furthermore, the Summons served upon Defendant Mortin refers to him simply as "Clifford Mortin, Mayor" and the Summons served upon Defendant Mackey refers to him simply as "John Mackey, Chief of Police." Accordingly, the Court observes that Defendants Mortin and Mackey have been sued only in their official capacities.

**Standard of Review**

Under Federal Rule of Civil Procedure 12(e), the Court may require a party to cure defects in a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. Rule 12(e) reads, in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . . Fed. R. Civ. P. 12(e). Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)." *Snyder v. Brownlow*, No. 93-5228, 1993 U.S. Dist. LEXIS 17569, at *3 (E. D. Pa. Dec. 13, 1993).

Rule 8 sets out the general rule for pleadings. A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and " 'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the Complaint. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allian,* 478 U.S. 265, 286 (1986)).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly,* the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted).

However, nothing in *Twombly* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss. That is, that the Supreme Court did not impose a new heightened pleading requirement, but reaffirmed that Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly,* 127 S. Ct. at 1964). Second, the Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips, id.*, (*citing Twombly, id.* at 1964-65 and 1969 n.8.)

The Court has discretion to treat vague pleadings under either Federal Rule of Civil Procedure 12(b)(6) or Federal Rule of Civil Procedure 12(e). *See* 5C C. Wright & A. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.").

4

With these principles in mind, the Court will address the motions filed by Defendants.

## Discussion

A. <u>Federal Claims Against Bethel Park Police Department</u>

It is well settled that a municipal police department is not a proper party in a lawsuit. A police department has no separate corporate identity apart from the municipality and, thus, is not a separate entity to suit. *See Johnson v. City of Erie*, 834 F. Supp. 873 (W. D. Pa. 1993). Accordingly, all federal claims against the Bethel Park Police Department will be dismissed with prejudice.

B. <u>Punitive Damage Claims Against the Municipality of Bethel Park and The Individual Defendants In their Official Capacities</u>

It is also firmly established that punitive damages may not be awarded against a municipality under section 1983. *See City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981). Accordingly, the punitive damage claim against Bethel Park will be dismissed.

Additionally, Plaintiff's claims for punitive damages against the Individual Defendants in their <u>official capacities</u> represent an action against the municipality and must be likewise dismissed. *See Brandon v. Holt,* 469 U.S. 464, 467-77 (1985). Accordingly, the punitive damage claims against Defendants Mortin, Mackey, and Anibaldi, in their official capacities, will be dismissed.

However, a punitive damage claim may be brought against a defendant in his or her individual capacity. As stated *supra*, the Complaint appears to only name Defendant Anibaldi in both his official and individual capacities. Therefore, the punitive damage claim against

Defendant Anibaldi in his <u>individual capacity</u> only may proceed. *Fact Concerts*, 453 U.S. at 266-67; *Carroll v. Bristol Township*, 827 F. Supp. 332, 335 (E.D .Pa. 1993).

C.  <u>Fourth Amendment Unreasonable Search and Seizure Claim</u>

Defendants argue that Plaintiff's alleged claims brought under the Fourth Amendment are "fraught with vague factual and legal generalities which are unsupported such that the defendants cannot reasonably analyze Plaintiff's claims in order to formulate a response." Resp. at 5. For example, Defendants contend that the Complaint provides no factual specificity as to place Defendants on notice of how any of its actions violated any of Plaintiff's civil rights let alone any allegations as to time, place and manner of claimed violations."

The Court finds this argument to be without merit. While undeniably, the allegations of the Complaint are vague, the Court finds and rules, however, that the allegations in the Complaint give Defendants fair notice of what Plaintiff's claims are and of the grounds on which they rest. Specifically, Paragraph 11 of the Complaint states as follows:

> On or about December 27, 2006, Defendant Anibaldi, acting under color of state law and as police officer for the Defendants Municipality and Police Department within the scope of his employment and agency under the supervision of Defendants Chief and Mayor, conducted an illegal, warrantless search, through use of a computer or otherwise, of the Plaintiff's mental health records, without probable cause or any reasonable justification to obtain confidential information about the Plaintiff's mental health history, and such information was disseminated to the public.

Accordingly, the Court finds that the Complaint contains "a short and plain statement" of Plaintiff's claim(s) as required by Rule 8. The purpose of Rule 12(e) is to provide parties with a mechanism for requesting the court to assist them in obtaining information sufficient to "reasonably prepare a response." *See* Fed. R. Civ. P. 12(e). Rule 8(b)

sets the standard for responsive pleading. It not only affords a party the ability to assert specific and general denials, Fed. R. Civ. P. 8(b)(2), (3), it also affords a party the ability to assert that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b)(5). Responses premised on Rule 8(b)(5) "ha[ve] the effect of a denial." *Id.*

The Court finds that all the information that Defendants purport to need can be obtained through discovery. *See Steinberg v. Guardian Life Ins. Co.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980) (denying the defendant's Rule 12(e) motion because discovery could provide more definite information.) Accordingly, the Motion For More Definite Statement will be denied.

Likewise, Defendant's request to dismiss this claim pursuant to Rule 12(b)(6) will also be denied. Defendants argue that Plaintiff's alleged illegal search and seizure claim does not constitute an actionable claim as a matter of law under § 1983. Plaintiff responds that a person has a right of privacy existing to his or her mental health records and that the Defendants' "wrongful search and seizure of this information and the disclosure of same to the public results in cognizable damages." Memo. of Law in Opp'n, at 7.

To be sure, Plaintiff's allegations are not particularly specific and Defendants may well be correct that Plaintiff will be unable to prove that the alleged search and seizure of his mental health records constitutes an actionable claim as a matter of law under § 1983. However, this is an issue which can only be determined at the summary judgment stage, or at trial. Accordingly, the Court finds that Plaintiff's Fourth Amendment claim is sufficient to survive the motion to dismiss.

D. <u>Fourth Amendment Claims Against the Individual Defendants</u>

Defendants also argue that the Fourth Amendment claims brought against the Individual Defendants should be dismissed because the "defendant must have personal involvement in the alleged wrongs as liability cannot be based solely on the doctrines of agency or respondeat superior." Br. at 10. Plaintiff responds that the Complaint "clearly asserts a claim against the municipality and the supervisory officials based upon an institutional practice or custom and the ratification of the same." Resp. at 9.

It is well settled that local government officials cannot be held liable under a theory of respondeat superior or vicarious liability. *Andrews v. City of Philadelphia*, 895 F. 2d 1469, 1478 (3d Cir. 1990). *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Rather, liability must be predicated on personal involvement in the alleged wrongdoing which may be demonstrated "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Paragraph 15 of the Complaint specifically alleges the following:

> The deprivations and loss of freedom to which Plaintiff was subjected was consistent with the custom and institutionalized practice of the Defendant Police Department which knowingly failed to provide for the protection of the rights of individuals to be free from unlawful searches of privileged records and information and dissemination of that information to others <u>which was known and ratified by the Defendants Mayor, Chief of Police the Municipality</u>, and the Defendants at no time took any effective action to prevent, discourage or restrain the Defendant Anibaldi and/or their other agents, servants, and/or employees from continuing to engage in such illegal practices and misconduct.

Complaint, at ¶ 15 (emphasis added).

While these allegations are very general, the Court finds and rules that Plaintiff has sufficiently alleged that the Individual Defendants not only had knowledge of, but acquiesced

8

in, the alleged unlawful practice of searches of privileged records and information and dissemination of such to others.

However, with that said, the Court is under the impression that only Defendant Anibaldi has been sued in both his individual and official capacities; and that Defendants Mortin and Mackey have been sued only in their official capacities. A suit under § 1983 against a municipal officer in his official capacity is in actuality a suit directed against the municipality that the officer represents. An official-capacity suit is generally merely another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Such a suit is properly treated as a suit against the entity. *Id.* at 166. Accordingly, the federal claims against Defendant Mortin and Defendant Mackey in their official capacities will be dismissed.

E. <u>Fourteenth Amendment Due Process and Equal Protection Claims</u>

Plaintiff's Complaint makes two extremely limited references that the Defendants have violated his right to due process, both substantive and procedural to the Fourteenth Amendment. See Complaint ¶¶ 13(f) and 18. Likewise, Plaintiff only makes one fleeting mention of violation(s) of equal protection in Paragraph 18 of the Complaint.

Defendants point out that no where in the Complaint does Plaintiff describe with any specificity how Defendants violated these rights or what recognized fundamental or property right Defendants allegedly violated. Furthermore, aside from the mere mention of equal protection, Plaintiff fails to allege any facts in support of an equal protection claim (i.e., that he was treated differently than others similarly situated).

In response, Plaintiff states that "[t]he Fourth Amendment as incorporated by the Fourteenth Amendment, prohibits police officers from conducting an unreasonable search and seizure of private information and documents." Memo. at 4.

Based on Plaintiff's response, the Court reads Plaintiff's reference to the Fourteenth Amendment in his Complaint as simply an acknowledgment that the freedoms protected by the Fourth Amendment are secured against abridgment by the States through the Fourteenth Amendment. *See Schneider v. State of New Jersey*, 308 U.S. 147 (1939).

As such, the Motion for More Definite Statement and the Motion to Dismiss on the issue of the Fourteenth Amendment claims are denied as moot, because the Complaint as it currently reads does not set forth a separate due process or equal protection claim under the Fourteenth Amendment. Instead, based on Plaintiff's response to the motion to dismiss, the reference to the Fourteenth Amendment is understood to be only for the purpose of demonstrating that the protections offered by the Fourth Amendment against abridgement by the United States is similarly secured to all persons against abridgement by the State.

F.  State Claims Against Defendants

Plaintiff brings pendant state claims of reckless misconduct, negligence, and gross negligence. Defendants argue that all of Plaintiff's negligence claims are barred in their entirety as to all Defendants by operation of the Pennsylvania Political Subdivision Tort Claims Act (the "Act"). *See* 42 Pa. C.S.A. § 8541, *et seq*. Plaintiff agrees that the actions of Bethel Park do not fall within any of the eight enumerated exceptions to government immunity found in the Act. Accordingly, all state law claims brought against the Municipality of Bethel Park will be

dismissed. Additionally, all state law claims brought against the Individual Defendants in their <u>official capacities</u> also will be dismissed.

The immunity of the Act also "extends to an employee of the [Municipality] who is liable [in his individual capacity] for civil damages caused by acts which are within the scope of his office or duties." *Renk v. City of Pittsburgh,* 641 A.2d 289, 292 (Pa. 1994). But, the immunity for individual employees does not extend to conduct that amounts to actual fraud, crime, actual malice or willful misconduct. *See id.*; 42 Pa. Cons.Stat. Ann. § 8550 n. 17. In cases involving alleged police misconduct, the term "willful misconduct" does not have the same meaning as the term "intentional tort." *Id*. at 293-94. Accordingly, if the alleged reckless misconduct, negligence and gross negligence of Defendant Anibaldi occurred outside the scope of his employment or amounted to willful misconduct, then Defendant Anibaldi, in his individual capacity, is not immune under the Act.

As stated above, municipal employees, including police officers, are not immune from liability under the Act when their conduct constitutes "willful misconduct." It may well be that discovery will reveal that the Defendant Anibaldi did not commit any tort or that his actions did not constitute a crime, fraud, actual malice or willful misconduct. However, until such time, the Court finds and rules that Plaintiff may maintain his state law claims against Defendant Anibaldi, in his individual capacity.

**Conclusion**

For the reasons hereinabove stated, the Motion for More Definite Statement will be denied and the Motion to Dismiss will granted in part and denied in part. An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE M. MANOLOVICH, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 08-cv-1746 |
| ) | |
| BETHEL PARK, CLIFFORD MORTIN, ) | |
| Mayor, BETHEL PARK POLICE ) | |
| DEPARTMENT, JOHN W. MACKEY, Chief ) | |
| of Police, and ERIC M. ANIBALDI, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

**AND NOW**, this 21st day of May, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(i) All claims brought against the Bethel Park Police Department are dismissed with prejudice and the Bethel Park Police Department is hereby dismissed from this lawsuit;

(ii) All federal claims brought against Clifford Mortin, Mayor; John W. Mackey, Chief of Police, and Eric M. Anibaldi, in their official capacities are dismissed with prejudice;

(iii) All claims for punitive damages against Bethel Park, Clifford Mortin, John W. Mackey and Eric M. Anibaldi, in their official capacities are dismissed;

(iv) The pendent state claims for reckless misconduct, negligence, and gross negligence brought against Bethel Park, the Bethel Park Police Department, and the Individual Defendants, in their official capacities, are dismissed with prejudice pursuant to the Pennsylvania Political Subdivision Tort Claims Act; and

(v) All claims brought against Clifford Mortin, Mayor, and John W. Mackey, Chief of Police, are dismissed with prejudice and these defendants are hereby dismissed from this lawsuit.

It is further **ORDERED** that the caption of this matter is amended as follows:

| | |
|---|---|
| GEORGE M. MANOLOVICH, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 08-cv-1746 |
| | ) |
| BETHEL PARK and ERIC M. ANIBALDI, | ) |
| | ) |
| Defendants. | ) |

Defendants Bethel Park and Eric M. Anibaldi shall answer the remaining claims of the Complaint on or before **June 1, 2009.**

                                              BY THE COURT:

                                              s/Terrence F. McVerry
                                              United States District Court Judge

cc:      Alexander J. Jamiolkowski, Esquire
         Egan & Jamiolkowski
         Email: ajamiolkowski@comcast.net

         Paul D. Krepps, Esquire
         Marshall, Dennehey, Warner, Coleman & Goggin
         Email: pdkrepps@mdwcg.com